IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JOSHUA HOLLIS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>*Plaintiff*,<br><br>v.<br><br>LOG ANALYSIS SOLUTIONS, LLC, and NICHOLAS J. MASCHAS, Individually<br><br>*Defendants*. | Civil Action No. 7:19-cv-38 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Joshua Hollis, individually and on behalf of all others similarly situated, files this Original Complaint against the above-named Defendants and in support states the following:

### I.   SUMMARY

This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  Plaintiff and Defendants' other Equipment Operators worked for Defendants performing technical and manual labor and regularly worked well in excess of 40 hours per workweek.  Instead of paying overtime as required by the FLSA, Defendants paid these frontline oilfield workers primarily on a salaried basis and improperly treated them as "exempt" from the FLSA.

### II.   PARTIES

1.   Plaintiff Joshua Hollis is an individual who was employed by Defendants and resides in this District. His consent to participate is attached to this Complaint as an Exhibit.

2.   The "Class Members" are Defendants' current and former "Equipment Operators" who were paid primarily on a salaried basis and who, regardless of precise title used for their

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                                    P a g e | 1

position, performed similar duties and worked within the three years preceding this Complaint's filing.

3.    Defendant Log Analysis Solutions, LLC (hereinafter, "LAS"), may be served through its registered agent Nicholas J. Maschas at 308 N Colorado St Ste 200 Midland, TX 79701 USA.

4.    Defendant Nicholas J. Maschas ("Maschas") is an individual who may be served at 308 N Colorado St, Ste 200, Midland, TX 79701 or wherever he may be found.

### III.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claim pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

6.    Venue is proper in this District because one or more of the Parties reside in this District and the events forming the basis of this lawsuit occurred in this District.

### IV.    COVERAGE FACTS

7.    At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

8.    At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.    At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10.   At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00. Defendants' employees worked on oil and gas drilling rigs.

11. Two or more of Defendants' employees, including Plaintiff, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Plaintiff and Defendants' employees used/use:

    a. computers and telecommunications equipment that has been manufactured and shipped across state lines;

    b. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    c. the interstate telephone systems, landline and cellular, to recruit and employ employees;

    d. the United States postal system to send mail across state lines; and

    e. the interstate banking systems to pay Defendants' employees.

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

13. Defendant LAS does more than $500,000.00 per year in business.

14. During the period covered by this lawsuit, Defendant Maschas has been an owner or officer of LAS. He has been responsible for running the day-to-day activities of the company. He made decisions about how the company should operate, market itself, acquire work, pay its employees and vendors, and treat its employees, including Plaintiff. In this capacity and through

the act of founding LAS, Maschas was responsible for designing and/or approving, implementing, and enforcing the pay plans for Plaintiff and the Class Members which violate the FLSA.

15. Maschas had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Maschas had operational control of significant aspects of LAS' day-to-day functions and independently exercised control over the work situation. Maschas had direct involvement in the day-to-day operation of LAS and had direct responsibility for the supervision of the employees. Maschas set work schedules and made work assignments.

16. Maschas: (1) possessed the power to hire and fire the employees and did so; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

17. Maschas acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

18. Plaintiff worked for Defendants within the statutory period, during the three years prior to the filing of this lawsuit, and until approximately December 2018.

19. Plaintiff was employed by Defendants, including specifically as an equipment operator.

20. At all relevant times and regardless of precise title used for his position or work, Plaintiff's duties consisted of blue-collar work involving the preparation of equipment, completing daily checklists, and performing other manual/technical labor necessary to service Defendants' oilfield operations in Texas. Plaintiff did not have managerial responsibilities, supervise two or more employees, possess the power to hire/fire, or exercise independent discretion or judgment in regard to matters of significance.

21. During his entire employment and during weeks covered by this lawsuit, Plaintiff regularly worked over 40 hours per workweek. In fact, Plaintiff worked as many as 80 hours (or more) in weeks covered by this lawsuit. Defendants knew that Plaintiff regularly worked in excess of 40 hours per week during weeks covered by this lawsuit. In fact, Defendants allowed and directed him to do so.

22. Defendants primarily paid Plaintiff a salary plus day rate for this work and generally treated him as exempt from the FLSA.

23. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek. Defendants were aware of the FLSA's overtime requirements and, in fact, paid Plaintiff some overtime, but refused to pay Plaintiff all overtime owed for all weekly hours worked in excess of 40. Defendants knowingly, willfully or with reckless disregard carried out their illegal practice of failing to pay Plaintiff overtime.

## VI.    COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff and the Class Members performed the same or similar non-exempt job duties as one another. Specifically, they performed physical, manual or technical tasks necessary to provide Defendants' oilfield services to Defendants' clients. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half of their regular rates of pay for all hours worked in excess of 40 hours in a workweek. Specifically, Defendants failed to pay Plaintiff and Class Members at the rates required by the FLSA because Defendants paid these individuals primarily under a salaried basis or treated them as "exempt" and failed to provide overtime pay for overtime hours worked. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiff in terms of job duties and pay.

25. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

26. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

## VII.  CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.  RELIEF SOUGHT

28. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants jointly and severally as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages

equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d.    For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

**Respectfully submitted**

By:    */s/ Jay Forester*
    J. FORESTER
    Texas Bar No. 24087532

CO-ATTORNEY IN CHARGE

**FORESTER HAYNIE PLLC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com

By:    */s/ Chris R. Miltenberger*
    Chris R. Miltenberger
    Texas Bar Number: 14171200

CO-ATTORNEY IN CHARGE

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

By: */s/ Jay Forester*
J. FORESTER